**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | |
|---|---|
| RICHARD BUTLER and TIMOTHY KNOTTS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRMONT FEDERAL CREDIT UNION,<br><br>Defendant. | **Civil Case No. 1:25-cv-00094-JPB** |

**ORDER OF PRELIMINARY APPROVAL**

**WHEREAS**, a Settlement Agreement ("Settlement Agreement"), was made and entered into by and among the following Settling Parties: (i) Richard Butler and Timothy Knotts, individually and on behalf of the Settlement Class Members, by and through Gerald D. Wells, III of Lynch Carpenter, LLP and Troy Giatras and Matthew Stonestreet of The Giatras Law Firm (collectively, "Settlement Class Counsel" or "Plaintiff's Counsel"); and (ii) Fairmont Federal Credit Union ("FFCU" or "Defendant"), for the benefit of all Released Parties, by and through the Defendant's counsel of record, Timothy J. Lowe of McDonald Hopkins, PLC and Julie A. Moore of Bowles Rice, LLP (collectively, "Defense Counsel"); and

**NOW THEREFORE**, upon consideration of the Unopposed Motion to Preliminarily Approve the Class Settlement Action, Certify the Class, Appoint Settlement Class Counsel, and Schedule a Final Approval Hearing, and having reviewed and considered the submissions presented with respect to the Settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the arguments of counsel, having determined preliminarily that the Settlement set forth in the

Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class;

**IT IS ORDERED:**

1. The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2. The Court finds it has personal and subject-matter jurisdiction over this matter, the Parties, and all Settlement Class Members.

**PRELIMINARY SETTLEMENT CLASS CERTIFICATION**

3. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Fed. R. Civ. P. 23:

> All individuals in the United States whose Private Information was potentially impacted in the data security incident publicly disclosed by Defendant on or about April 30, 2025 ("Data Incident"). Class. Excluded from the Settlement Class are: (i) Defendant and its officers and directors; (ii) the judges and court personnel currently assigned to the Litigation or the State Court Actions, and the members of their immediate families; (iii) any natural person or entity that perpetrated or participated in the Data Incident; and (iv) all Persons who validly and timely request exclusion from the Settlement Class.

4. The Court determines that for settlement purposes the proposed Settlement Class likely meets all the requirements of Federal Rules of Civil Procedure ("Rules") 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

5. Plaintiffs Richard Butler and Timothy Knotts are designated as Settlement Class Representative.

6. The Court appoints Gerald D. Wells, III of Lynch Carpenter, LLC and Troy Giatras and Matthew Stonestreet of The Giatras Law Firm as Settlement Class Counsel for the Settlement Class.

## REASONABLENESS OF THE PROPOSED SETTLEMENT

7. The Court finds that: (i) the proposed Settlement resulted from extensive and good faith negotiations at arms' length; (ii) the proposed Settlement was concluded only after sufficient discovery; and (iii) the terms of the proposed Settlement as evidenced by the Settlement Agreement appear to be sufficiently fair, reasonable, and adequate in light of the risks, delays, and expenses of further litigation, warranting the Settlement Agreement, and the scheduling of a final fairness hearing.

8. The Court finds that the Proposed Settlement creates an equitable claims process that will allow Class Members an opportunity to obtain reimbursement for certain types of harm they may have suffered as a result of events alleged in the Litigation. This consideration appears to be within the range of reasonableness and an adequate exchange for the Settlement Class's release of claims as described in the Settlement Agreement.

Accordingly, the Court grants preliminary approval of the Settlement, subject to final approval, and authorizes the Parties to conduct their plan for Notice as described in the Settlement Agreement.

## NOTICE TO THE SETTLEMENT CLASS

9. The Court finds that the Notices proposed in the Settlement Agreement, including in form, content and method: (a) constitutes the best practicable notice to the Settlement Class; (b)

is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

10. The Parties and Settlement Administrator are authorized to make non-material modifications to the notices and claim form, such as proofing and formatting alterations, without further Order from this Court.

11. The Court appoints Kroll LLC as the Settlement Administrator and orders it to provide notice to the Settlement Class Members, CAFA Notice and perform services as set forth in the Settlement Agreement.

## Claims Process and Distribution Plan

12. The Settlement establishes a process for assessing and determining the validity of two types of claims (Alternative Cash Payments and Out-of-Pocket Losses) and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

13. Settlement Class members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.

## EXCLUSIONS FROM THE CLASS

14. Any Settlement Class Member who wishes to be excluded from the Class must, in accordance with the Settlement Agreement, send a written notification of the intent to exclude themselves to the Settlement Administrator, bearing the Class Member's physical signature and containing the information required by Section 4.1 of the Settlement Agreement, postmarked or emailed no later than the Opt-Out Date.

15. All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement including but not limited to the releases set forth in the Settlement Agreement, and the Final Approval Order and Judgment.

## OBJECTIONS TO THE SETTLEMENT

16. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement, the request of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

17. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless the objection: (a) fully complies with Sections 5.1-5.3 of the Settlement

Agreement; (b) is filed with the Court by the Objection Date; or (c) mailed first-class postage prepaid to the Clerk of the Court, and postmarked no later than the Objection Date.

18. Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement Agreement, if finally approved.

**STAY OF PROCEEDINGS**

19. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court. The Parties shall file notice of preliminary approval in the State Court Actions and work together to seek and effectuate stays of the State Court Actions and State Court Tag-Along Actions pending this Court's final approval determination.

**FINAL APPROVAL HEARING**

20. Final Approval Hearing shall take place before the Court on **February 8, 2027 at 2:30 p.m.,** no fewer than one hundred twenty (120) days after the entry of this Order in the **North Courtroom of the Frederick P. Stamp, Jr. Federal Building and United States Courthouse, 1125 Chapline Street, Wheeling, West Virginia 26003** to determine, among other things, whether: (a) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement Agreement's terms, all claims in the Litigation should be dismissed with prejudice; (b) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (c) the proposed Final Approval Order and Judgment should be entered;

(d) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (e) the application for Service Awards to the Class Representatives, State Court Plaintiffs, and Tag-Along Plaintiffs under Sections 7.2-7.4 of the Settlement Agreement should be approved. Any other matters that the Court deems necessary and appropriate will also be addressed at the hearing. Settlement Class Counsel shall file the Motion for Final Approval at least ten (10) days before the Final Approval Hearing, unless otherwise ordered by the Court.

21. Settlement Class Counsel shall submit their application for fees, costs, and expenses and the application for Service awards at least 45 days after the Notice Commencement Date. Objections to those requests must be filed or postmarked, and copies mailed to counsel, no later than the Objection Date, in accordance with Sections 5.1–5.3 of the Settlement Agreement.

22. Any Settlement Class Member that has not timely and properly excluded himself or herself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude himself or herself from the Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described above and in the Notice.

It is so **ORDERED.**

DATED: Sept. 22, 2026.

UNITED STATES DISTRICT JUDGE